## PRISCILLA BAKING CO. v. WELCH, Former Collector of Internal Revenue.
### No. 7354.

District Court, D. Massachusetts.
Nov. 28, 1938.

J. A. LeTourneau, of Boston, Mass., for plaintiff.

John A. Canavan, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., of Boston, Mass., for defendant.

McLELLAN, District Judge.

This case came on for hearing this afternoon on the Motion List. The defendant demurs to the plaintiff's declaration and the plaintiff moves for dismissal of the demurrer. There is no occasion for the plaintiff's motion and the case is to be decided upon the defendant's demurrer.

The plaintiff alleges that it paid processing taxes to several persons from whom it bought pork, flour and sugar, that pursuant to the provisions of the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq., it filed claims for refund with the defendant, a former Collector of Internal Revenue, and that such claims were rejected by the Commissioner of Internal Revenue. Recovery is sought against the former Collector.

The declaration fails to state any facts entitling the plaintiff to maintain the action in this court. No statutory provision has been called to my attention and I have seen none providing for refunds to persons to whom the burden of the processing tax may be found to have been shifted. Moreover, if the plaintiff had paid the tax directly to the former Collector, this court would have been without jurisdiction to afford relief. The Revenue Act of 1936, Section 910, 7 U.S.C.A. § 652, abolishes the liability of collectors for any act done by them in the assessing or collection of any amount as tax under the Agricultural Adjustment Act or for the recovery of any money exacted by or paid to them and put into the Treasury in the performance of their official duties under the provisions of such Act. See Anniston Manufacturing Company v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143, where the special and exclusive administrative procedure before a Board of Review in the Treasury Department with respect to the refunding of processing taxes is discussed. And see Butler v. Carney, D.C., 17 F.Supp. 133.

The defendant's demurrer is sustained.